Swain, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1 1 MAY 2011
```

LANTHEUS MEDICAL IMAGING, INC.,

    Plaintiff,

v.

ZURICH AMERICAN INSURANCE COMPANY,

    Defendant.

Civil Action No. 10 CV 9371 (LTS) (MHD)

**ECF CASE**

## [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

WHEREAS the plaintiff in this action, Lantheus Medical Imaging, Inc. ("Plaintiff") and the defendant Zurich American Insurance Company ("Defendant") possess confidential information that may be disclosed in providing initial disclosures, responding to discovery requests, or otherwise in this action and that should be protected in order to preserve the legitimate business interests of the parties, and

WHEREAS Plaintiff and Defendants have, through counsel, stipulated to the entry of this Protective Order to prevent unnecessary dissemination or disclosure of such confidential information.

WHEREAS the parties recognize that confidential information is being produced only for use in this civil action, and

WHEREAS the parties have established good cause for entry of this Order.

IT IS HEREBY ORDERED that:

1. **Definitions**

(a) The term "Confidential Material" shall mean any form of trade secret or other confidential research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G) including, without limitation, all information used in or pertaining to business, which matter is not generally known to the public, which would not normally be revealed to another or would be revealed to another only in confidence, or which is required by law to be confidential and which may cause competitive harm if disclosed. Examples of such information include but are not limited to ongoing research relating to any product related to the litigation; sales, costs, margins, profitability, and expenses with respect to any product or process; future market or business plans or strategies for existing or new products or processes, including but not limited to competitive analyses, marketing strategies, and proprietary marketing tools; trade secrets; process, operational, and manufacturing information; or other sensitive or proprietary business, financial or technical data or information. The term "Confidential Material" shall include the document, information, or material so designated, and the contents thereof.

(b) Confidential Material may include, without limitation, documents produced in this action, during formal discovery or otherwise; information produced by non-parties which the producing or designating party is under an obligation to maintain in confidence; answers to interrogatories and responses to requests for admission or other discovery requests; deposition, hearing, or trial transcripts; and tangible things or objects that are designated as containing or comprising Confidential Material. The information contained therein and all copies, abstracts, excerpts, analyses, or other writings that contain, reflect, reveal, suggest, or otherwise disclose such information shall also be deemed Confidential Material. Information

originally designated as Confidential Material shall not retain that status after any ruling by the Court denying such status to it.

(c)     The term "designating party" means the party designating documents or information as Confidential Material under this Order.

(d)     The term "receiving party" shall mean the party to which Confidential Material is disclosed.

(e)     Notwithstanding anything to the contrary herein, the description of Confidential Material shall apply to all that information so designated by the designating party absent an order of the Court or subsequent written agreement of the designating party providing otherwise.

## Designation of Confidential Information

2.     Each designating party which produces or discloses any material that it believes contains or comprises Confidential Material shall designate the same by marking or stamping the words "CONFIDENTIAL" on the face of the document containing the Confidential Information in a conspicuous location, and on each page of any document that contains Confidential Material. When documents or things are produced for inspection, the documents or things may be collectively designated as containing Confidential Information for purposes of the inspection, by letter or otherwise, without marking each document or thing "CONFIDENTIAL," and such documents or things will be treated as Confidential Information under this Order.

3.     If any Confidential Material is produced by a non-party to this litigation, such a non-party shall be considered a "designating party" within the meaning of that term as it is used in the context of this Order and both parties to this Order should be treated as receiving parties. The parties recognize that during the course of this litigation, Confidential Material that

originated with a non-party and for which there exists an obligation of confidentiality may be produced. Such information that the designating party believes originated with a non-party, but is subject to a confidentiality obligation may be designated as Confidential Material and shall be subject to the restrictions on disclosure of Confidential Material specified in this Order.

4.     The designation of Confidential Material may be made at the time of copying of documents for production to the receiving party, and need not be made before the documents are made available for inspection. Any Confidential Material designation that is inadvertently omitted at the time of copying may be corrected by written notification to counsel for all receiving parties, and all receiving parties shall thereafter mark and treat all copies of the material as Confidential Material. Materials designated as Confidential Material after copying shall be fully subject to this Protective Order as if they had been initially so designated.

5.     A person who inadvertently produces information or documents that it considers privileged, in whole or part, shall not be deemed by reason of the production to have waived any applicable privileged, and may retrieve the information or documents as follows:

a.     The producing person shall give written notice of the claim of privilege, and request that the produced documents and all copies thereof be returned or destroyed at the producing person's option, within 20 days after actually discovering information or documents that the person believes are privileged from disclosure have been disclosed to a party to this litigation.

b.     Upon receiving such notification, each person in receipt of the documents or information either shall return or destroy all copies of the inadvertently produced privileged material, at the option of the producing person, and provide written notice to the producing person of that fact, or shall notify the producing person that it disputes the application

of the privilege asserted. If the application of the asserted privilege is disputed, the producing party may file a motion seeking to establish the application of the asserted privilege. The fact that the document was produced in discovery shall not constitute, nor be argued to constitute, a waiver of the privilege.

    c.  The failure of the producing person to give notice as provided in subparagraph (a) shall constitute a waiver of the claim of privilege as to the inadvertently produced document or information only.

  6.  Except upon the prior written consent of the designating party, Confidential Material shall be used solely in connection with this action and may be disclosed solely in accordance with the terms of this Protective Order, except that nothing shall prevent any person from making use of any information designated as Confidential Material if such information:

    a.  was lawfully in his or her possession prior to receipt of this Protective Order;

    b.  was or becomes available to the public through no fault of a receiving person;

    c.  was or is lawfully obtained from a source not subject to the Protective Order; or

    d.  is exempted from the operation of this Protective Order by written consent of all parties.

  7.  With the exception of court personnel, court reporters, and representatives of the designating party, access to Confidential Material shall be limited to:

      a.      counsel to the parties having responsibility for this action and their legal associates, paralegals, clerical and other support staff;

      b.      a party or a party's present and former officers, directors and employees;

      c.      any entity or authorized representative of such entity to whom a party has a statutory, contractual or other legal obligation to report or cooperate concerning this action, including but not limited to auditors, accountants, insurers or re-insurers, etc.;

      d.      consulting or testifying experts and their employees in accordance with the provisions of Paragraph 8 below (regarding depositions), or other procedures as may be agreed upon among all parties; and

      e.      any other person upon whom all parties may agree.

      8.      Confidential Material shall not be disclosed to any person under Paragraph 7 above unless and until:

      a.      for purposes of Subparagraphs 7(a), (b), and (c) above, such person has been advised of the existence of this Protective Order and has been instructed that he or she is bound by its terms; or

      b.      for purposes of Subparagraphs 7(d) and (e) above, such person has been shown a copy of this Protective Order and has agreed in writing, to be bound by its terms. The written agreement shall be as follows:

Non-Disclosure Agreement

My name is _____. My home address is _____, and my business address is _____. I certify that I have read and fully understand the terms and provisions of the Protective Order that has been entered by the Court in the lawsuit styled *Lantheus Medical Imaging, Inc. v. Zurich American Insurance Company*, No. 10 CV 9371, pending in the United States District Court for the Southern District of New York. In particular, I am aware that upon the issuance of a final order I will destroy all Confidential Material.

I agree to comply fully with the terms of the Protective Order. I will not disclose any Confidential Material in any form to any person other than those expressly authorized under the Order, and I will not use any Confidential Material for any purpose other than the prosecution or defense of this litigation. This pledge applies to all Confidential Material, whether already disclosed to me, or disclosed to me in the future, and also applies to copies, notes, extracts, or any other materials I prepare based upon Confidential Material. I understand that violation of the Order or of this Agreement may constitute contempt of Court.

I also agree to be bound by the terms of the Protective Order governing inadvertent production of privileged materials or materials subject to the protection of the work-product doctrine.

/s/ _____

Date: _____

9.   Confidential Material may be used in connection with the deposition of any person, provided that the deponent, if not otherwise obligated under this Protective Order, is informed of the requirements of this Order. All deposition testimony concerning Confidential Material shall itself be considered Confidential Material.

10.   Confidential Material that is appended as an exhibit to, or is discussed or referred to in, any affidavits, briefs, memoranda, or other documents submitted to the court shall be filed under seal. The Clerk of Court shall maintain such information or documents under seal, and the information or documents shall be made available only to persons authorized by this Order or by further Order of the court, entered after an appropriate motion has been made.

7

11. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is, or is not, confidential.

12. Nothing in this Protective Order shall prevent any party from using or disclosing in any manner it chooses material that it has itself designated as Confidential Material.

13. The parties shall make a good faith effort to designate as Confidential Material only those documents, information, or other tangible items the public disclosure of which it reasonably believes would result in the disclosure of trade secrets, proprietary material, or other confidential business or personal information. Any party may challenge another party's designation of material as Confidential Material by motion to the Court. In the event that the receiving party disagrees with the designation by the supplying party of any information as Confidential Material, the parties shall first try to resolve such dispute on an informal basis before presenting the dispute to the Court. No information designated as Confidential Material shall, however, be revealed, except in accordance with this Protective Order, until such time as the designation has been withdrawn, either voluntarily by the party that supplied such information, or pursuant to an order of the Court.

## Other Matters

14. Nothing in this Protective Order shall require the production of information or documents that are privileged or otherwise protected from discovery.

15. Nothing in this Protective Order shall operate as an admission that any particular document or item of information is, or is not, admissible in evidence at the trial of this action.

16. Within ninety (90) days after the conclusion of this litigation (including any appeal), the parties shall destroy or return all Confidential Material to the producing party,

and, further, each party shall certify to the other parties that such destruction or return has been completed except that counsel may maintain a single copy of any pleadings, court filings, or depositions (with exhibits) for their records.

17. This Protective Order shall not affect the rights or obligations of the parties with respect to matters not specifically addressed in this Protective Order.

18. The provisions of this Protective Order shall remain in full force and effect following the conclusion of this action unless waived by the written consent of the person that designated material as Confidential Material under the terms of this Protective Order.

19. Nothing in this Protective Order shall prejudice the right of any party to seek, at any time, a further order modifying this Order.

ORDERED, this 11 day of May, 2011.

The Honorable Laura Taylor Swain

9

So Stipulated:

*(signature)*

Andrew A. Ruffino
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel.: (212) 841-1097

William F. Greaney
Joanne B. Grossman
Rukesh A. Korde
Danielle M. Estrada
COVINGTON & BURLING LLP
1201 Pennsylvania Ave. NW
Washington, DC 20004-2401
Tel.: (202) 662-6000

*Attorneys for Lantheus Medical Imaging, Inc.*

Dated: May 10, 2011

*(signature)*

Philip C. Silverberg
William D. Wilson
Gretchen Henninger
MOUND COTTON WOLLAN &
    GREENGRASS
One Battery Park Plaza
New York, NY 10004
Tel.: (212) 804-4200

*Attorneys for Zurich American Insurance Company*