# COVINGTON & BURLING LLP

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

BEIJING
BRUSSELS
LONDON
NEW YORK
SAN DIEGO
SAN FRANCISCO
SILICON VALLEY
WASHINGTON



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 0 5 AUG 2011

MUKESH KORDE

TEL 202.662.5619
FAX 202.778.5619
RKORDE@COV.COM

August 4, 2011

**BY FACSIMILE**

The Honorable Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 755
New York, NY 10007

# MEMO ENDORSED

Re:  **Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.
     No. 10 Civ 9371 (LTS) (MHD)**

Dear Judge Swain:

This firm represents plaintiff Lantheus Medical Imaging, Inc. We write to request leave to file a motion for Amended Letters Rogatory to permit Lantheus to obtain evidence from non-party Atomic Energy of Canada Limited ("AECL"), a Canadian crown corporation. *See* Local Rule 37.2. This Court previously issued Letters Rogatory to the Ontario Superior Court of Justice requesting its assistance in obtaining that evidence. The Ontario Court declined to enforce those Letters Rogatory as drafted, based on a misguided argument from AECL that this Court's authority to seek the assistance of a Canadian court in obtaining important evidence is restricted by the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602-1611.

As previously explained in its Unopposed Motion for Issuance of Letters Rogatory (Docket No. 25), Lantheus seeks evidence about the sequence of events that caused an extended shutdown of a nuclear reactor (the "NRU Reactor") in Chalk River, Ontario, which supplies a critical raw ingredient used in the manufacture of radiopharmaceuticals sold by Lantheus for use in medical diagnostic procedures in the United States and Canada. The reactor is operated by AECL, which has exclusive knowledge of the underlying material facts and exclusive possession of key documents. One of the principal disputed issues in this insurance coverage action is whether the contingent business interruption losses sustained by Lantheus in the wake of the reactor shutdown were caused by covered or excluded perils. AECL has documents and information that bear directly upon this issue.

On May 12, 2011, this Court granted Lantheus' motion and issued Letters Rogatory requesting the assistance of the Canadian courts in obtaining evidence from AECL about the causes of the shutdown. Lantheus requested the original Letters Rogatory only after (1) repeated attempts to obtain the evidence from AECL voluntarily were rejected, and (2) requests for documents under Canada's Access to Information Act (the analog to the Freedom of Information

COVINGTON & BURLING LLP

The Honorable Laura Taylor Swain
United States District Judge
August 4, 2011
Page 2

Act, 5 U.S.C. § 552), yielded only a handful of extensively redacted documents that provided little substantive information. On May 26, 2011, Lantheus filed a motion to enforce the Letters Rogatory with the Ontario Superior Court of Justice. AECL opposed enforcement on multiple grounds, and argued, among other things, that this Court failed to consider whether AECL, which is owned by the Canadian federal government, was immune from the issuance of Letters Rogatory under the FSIA -- notwithstanding that Letters Rogatory by definition do not require the exercise of, and indeed are premised on the absence of, jurisdiction by this Court over a foreign entity or agency.

On July 27, 2011, in an oral ruling, the Ontario Court dismissed Lantheus' application to enforce the Letters Rogatory without prejudice. Relying on arguments advanced by AECL to resist discovery, the Ontario Court stated that under Canadian law, enforcement of the Letters Rogatory required that they be "duly authorized" by a "court of competent jurisdiction." The Ontario Court believed that there were unresolved questions of U.S. law as to whether the FSIA applied to Letters Rogatory, and accordingly questioned whether this Court was a court of "competent jurisdiction" under the relevant Canadian statute. The dismissal was made without prejudice, to enable Lantheus to raise the FSIA issue with this Court, and to re-apply for assistance if this Court issued Amended Letters Rogatory addressing the FSIA question.

The Canadian court was plainly led astray by AECL's arguments, which rest on a fundamental misunderstanding of the purpose of the FSIA and the nature of Letters Rogatory. The FSIA limits the ability of U.S. courts to directly exercise *jurisdiction* over a foreign sovereign or its instrumentalities. *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 488 (1983) ("[a] foreign state is normally immune from the *jurisdiction* of federal and state courts ... subject to a set of exceptions" (emphasis added)); *Argentina v. Weltover*, 504 U.S. 607, 610 (1992) (the FSIA "establishes a comprehensive framework for determining whether a court in this country ... may exercise *jurisdiction* over a foreign state." (emphasis added)).

The issuance of Letters Rogatory, however, does not involve the exercise of coercive jurisdiction at all. Rather, they are requests by a court in one country for *assistance* from a court in another country in obtaining evidence from a foreign non-party that is *not* subject to the requesting court's jurisdiction. *See, e.g., Int'l Soc. for Krishna Consciousness, Inc. v. Lee*, 105 F.R.D. 435, 443 (S.D.N.Y. 1984) ("litigants often need[] the cooperation of the foreign government in order to obtain the requested discovery .... This problem would of course only occur ... against an individual or entity not subject to the jurisdiction of the American Court and *therefore not amenable to any form of the American judicial compulsion*" (emphasis added)); *DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990) (Letter Rogatory is a judicial request for assistance of a foreign court in obtaining evidence, based on principles of comity, and ultimately governed by the foreign court's rules and procedures); *Am. Special Risk Ins. Co. v. Delta Am. Re Ins. Co.*, 634 F. Supp. 112, 117 (S.D.N.Y. 1986). The Letters Rogatory issued by this Court in response to Lantheus' application did not

**COVINGTON & BURLING LLP**

The Honorable Laura Taylor Swain
United States District Judge
August 4, 2011
Page 3

purport to exercise jurisdiction over AECL, but merely asked a Canadian court, which indisputably *does* have jurisdiction over AECL, for assistance in obtaining critical evidence located in Canada. Neither the FSIA nor any other jurisdictional statute applies in such circumstances.

For the foregoing reasons, Lantheus seeks leave to file a motion for issuance of Amended Letters Rogatory clearly stating that the FSIA has no relevance to Letters Rogatory requesting assistance from the Ontario Court in obtaining evidence from AECL. We emphasize, however, that we expect AECL to continue the pattern of recalcitrance that it has demonstrated over the last fourteen months, and to raise additional arguments in the Canadian court resisting enforcement of the Amended Letters Rogatory.[1] If that occurs, it may be necessary for Lantheus to seek an adjustment to the schedule in this action. Discovery is set to close on December 30, 2011, but expert reports (to which the AECL materials will be highly relevant) are due on October 31, 2011, and, consistent with the Court's order, the parties have scheduled a mediation on October 5, 2011, with mediation briefs due on September 12, 2011. Lantheus will address the scheduling issue with Zurich and the Court as soon as the impasse with AECL is resolved. *See Al-Misehal Commercial Co. v. The Armored Group, LLC*, No. 2:10-cv-01303 (JWS), 2011 WL 2147599 (D. Ariz Jun. 1, 2011) (extending schedule to permit execution of "a letter rogatory to depose a foreign crown prince who may have relevant information" based on delays in foreign court).

Lantheus has consulted with Zurich, and Zurich does not oppose the proposed motion.

Leave to make the described motion is granted.

SO ORDERED.

NEW YORK, NY

LAURA TAYLOR SWAIN
Aug. 4, 2011 UNITED STATES DISTRICT JUDGE

Respectfully submitted,

Rukesh A. Korde

cc: Philip Silverberg, Esq. (by facsimile)

---

[1] For example, AECL has argued (a) that it is entitled to sovereign immunity under Canadian law, and (b) that the Ontario Court should decline to enforce the Letters Rogatory on public policy grounds, based on the asserted "principle" that a Canadian court should not assist a U.S. court in obtaining evidence from a Canadian agency that could not be obtained through the issuance of a direct subpoena from this Court to AECL. Lantheus considers these arguments to be entirely meritless, but they raise issues of Canadian law that presumably will be addressed by the Ontario Court if they are asserted again in response to the Amended Letters Rogatory.