UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LANTHEUS MEDICAL IMAGING, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, <br><br> Defendant. | Case No. 10 Civ. 9371 (LTS) (MHD) <br><br> ECF CASE |

**[PROPOSED] ORDER**

The Court has considered the motion of Plaintiff Lantheus Medical Imaging, Inc. for an order pursuant to Rule 28(b) of the Federal Rules of Civil Procedure directing issuance of Amended Letters Rogatory seeking the assistance of the Canadian courts in obtaining the production of documents by and the taking of the deposition testimony upon oral examination of Atomic Energy of Canada Limited ("AECL") a Canadian federal crown corporation, as well as the supporting Declarations of Rukesh A. Korde, Brett Harrison and Anna St. John, the opposition of AECL, if any, the Court's prior order of May 12, 2011 issuing the initial Letters Rogatory, and the entire record in this matter.

The Court understands that the Ontario Superior Court of Justice has asked this Court to consider whether the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. §§ 1330, 1602-11 (2010), restricts the Court's ability to issue letters rogatory seeking the assistance of foreign courts in obtaining discovery from foreign sovereigns or their agents and instrumentalities. The FSIA does not restrict or limit this Court's ability to issue such letters rogatory (*see E-Beam Servs., Inc. v. AECL Technologies, Inc.*, No. 02-2256 (D.N.J. May 14, 2003); *Al-Misehal Commercial Group Ltd. v. Armored Group LLC*, No. 2:10-cv-01303 JWS (D.

Ariz. (Docket No. 40)) because such letters are requests for the assistance of the receiving courts based on the principles of comity and reciprocity and not the exercise of jurisdiction over the party from whom the evidence is sought; the FSIA, by contrast, is a jurisdictional statute that only limits the authority of the courts to exercise jurisdiction over foreign sovereigns.

Because the FSIA does not limit this Court's authority to issue the Amended Letters Rogatory in question and because the testimony and documents of AECL have previously been found "necessary, and material and relevant" to the trial of this case, it is hereby ordered that:

1. Plaintiff's Motion for Amended Letters Rogatory is GRANTED; and

2. This Court shall issue Amended Letters Rogatory seeking the assistance of the Canadian courts in obtaining the production of documents by and the taking of the deposition testimony upon oral examination of AECL as a witness in this action.

SO ORDERED


Dated: _____, 2011                    _____
       New York, New York                    United States Magistrate Judge
                                             Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LANTHEUS MEDICAL IMAGING, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, <br><br> Defendant. | Case No. 10 Civ. 9371 (LTS) (MHD) <br><br> ECF CASE |

**REQUEST TO TAKE EVIDENCE ABROAD OF ATOMIC ENERGY OF CANADA LIMITED (LETTERS ROGATORY)**

FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK TO THE HONORABLE ONTARIO SUPERIOR COURT OF JUSTICE:

WHEREAS a proceeding is pending before this Court at New York, New York, between Lantheus Medical Imaging, Inc. ("Lantheus") and Zurich American Insurance Company.

AND WHEREAS under the principles of comity and reciprocity, U.S. Courts have enforced letters rogatory issued by Ontario courts seeking the testimony, including testimony from the United States government. *See Matter of Kevork*, 788 F.2d 566, 568 (9th Cir. 1986).

AND WHEREAS an American litigant should be entitled through letters rogatory to obtain the same discovery from a Canadian non-party that a litigant in a Canadian action would be entitled to obtain, in both cases under the supervision and authority of the Canadian courts.

AND WHEREAS it has been shown to us that the testimony of representatives of Atomic Energy of Canada Limited ("AECL") of the Province of Ontario is necessary, material and relevant for use at the trial of this proceeding and that without the documents and testimony of AECL justice cannot be completely done between the parties.

AND WHEREAS it has been shown to us that the plaintiff Lantheus is unable to obtain the required information from other persons whom Lantheus is entitled to examine or from witnesses Lantheus seeks to examine.

AND WHEREAS it has been shown to us that the evidence sought to be obtained cannot be obtained by Lantheus by any other method and there is a substantial likelihood that the desired evidence will be obtained in the manner proposed.

WE THEREFORE REQUEST that in furtherance of justice, you cause AECL to appear, at such time and place as you shall appoint, before any such person who, according to the laws of Ontario, is competent to preside over the examination of witnesses, to answer questions under oath or affirmation by an attorney for Lantheus, and to allow for the testimony of AECL to be reduced to writing.  It is the understanding of this Court that the granting of assistance of the type herein requested is authorized by the Canada Evidence Act, R.S.C. 1985, chapter C-5, and the Ontario Evidence Act, R.S.O., 1990, chapter E-23.  The courts of the United States are authorized to extend similar assistance to the tribunals of Canada by Title 28, section 1782 of the United States Code.

IT IS FURTHER REQUESTED that you cause AECL to produce to Brett Harrison, an attorney at the law firm of McMillan LLP, and located at Brookfield Place, Suite 4400, 181 Bay Street, Toronto, Ontario M5J 2T3, Canada, no less than twenty-one days in advance of such examination the documents described in Schedule A (Revised) hereto.

3

      IT IS FURTHER REQUESTED that you cause the examination of AECL to be reduced to writing and conducted in accordance with all applicable laws of evidence and procedure.

      THE UNITED STATES DISTRICT COURT for the Southern District of New York extends to the judicial authorities of Ontario the assurances of its highest consideration.

Dated: _____, 2011  
      New York, New York                        _____  
                                                             United States Magistrate Judge  
                                                             Southern District of New York

**Schedule A (Revised)**

The term "documents" as used below includes reports, memoranda, data or analysis of data; the term "NRU Reactor Shutdown" means the continued shutdown of the NRU reactor following the leak of heavy water detected on May 15, 2009 as described in the S99-Detailed Report of AECL bearing the "ImpAct No. NRU-09-4289."

1. The documents which AECL considered or generated in evaluating whether or not radiation caused or contributed to an alteration of the micro-structure of the aluminum alloy composing the NRU Reactor vessel, and whether any such alteration caused or contributed to the May 2009 shutdown of the NRU reactor.

2. The documents which AECL considered or generated in evaluating the cause or causes of the nitric acid formation in the Annulus of the NRU reactor.

3. The documents which AECL considered or generated in evaluating the nitric acid concentration in the Annulus of the NRU reactor at the time of or during the period prior to the May 15, 2009 NRU reactor shutdown.

4. The documents which AECL considered or generated in evaluating carbon dioxide flow rates in the Annulus, variations of such flow rates over time, air leakage into the Annulus, and any breakdown or failure of any carbon dioxide pumping system in the NRU reactor, during the period prior to the May 15, 2009 reactor shutdown.

5. The documents which AECL considered or generated in designing or implementing a more effective carbon dioxide distribution system in the Annulus and methods for preventing air leaks into the Annulus after May 2009.

6. The documents which AECL considered or generated in evaluating whether or not inadequate water drainage in the Annulus of the NRU reactor during the period prior to the May 15, 2009 NRU Reactor Shutdown caused or contributed to that shutdown and in evaluating any breakdown or failure of any water drainage system in the Annulus.

4

7. Documents reporting on the results of inspections and scans of the NRU reactor vessel conducted in 2004, 2005, 2009, 2010 and 2011.

8. The results of any coupon tests (that is, tests regarding, collecting or assessing damage, in or around the Annulus and reactor vessel) conducted following the May 15, 2009 NRU Reactor Shutdown.

9. Documents graphically or numerically depicting the specific locations of the damage to the NRU reactor vessel (including "pitting", leak holes, "dish shaped" irregularities, and thinning of the reactor vessel wall) at the time of the shutdown.

10. The documents which AECL considered or generated in evaluating whether or not defective fuel had any role in causing or contributing to the May 2009 shutdown of the NRU reactor.

11. The documents which AECL considered or generated in evaluating whether or not any chemicals, desiccants or "impurities" were introduced into or found in the Annulus or in water in the Annulus space at the time of or during the period prior to the May 2009 NRU Reactor Shutdown.

12. Photographs, drawings, or other images depicting damage to the NRU reactor vessel (including "pitting" or leak holes) at or around the time of the NRU Reactor Shutdown.

13. To the extent not publicly available in unredacted form on the AECL or Canadian Nuclear Safety Commission ("CNSC") websites, the following reports analyzing or addressing the cause(s) and effects of the May 2009 shutdown authored, in whole or in part by any of the following persons: I. Muir, T.A. Moir, C. Bromly, G. Arsenault, K. Sedman, L.

Lupton, G. Mark and C.W. Turner.  To the extent that such documents are publicly available on the AECL or CNSC websites, please provide the specific internet URLs of the documents.

        14.    Any metallurgical or chemical analysis of the wall of the reactor vessel or the Annulus performed following the May 15, 2009 NRU Reactor Shutdown.