USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LANTHEUS MEDICAL IMAGING, INC.,

              Plaintiff,

    -against-

ZURICH AMERICAN INSURANCE CO.,

              Defendant.
-------------------------------------------------------------X

**ORDER**

10 Civ. 9371 (LTS) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

    This case was recently reassigned to me for general pre-trial supervision. Pending before the Court is Plaintiff Lantheus Medical Imaging, Inc.'s motion for issuance of amended letters rogatory (Doc. No. 35), which was filed on August 29, 2011. Lantheus and non-party Atomic Energy of Canada Limited ("AECL") have submitted a number of letters to the Court concerning this motion, which had been unopposed when it was made for the issuance of the original letters rogatory earlier this year. In particular, Lantheus and AECL have argued about whether AECL should be permitted to file papers in opposition,[1] and if so, whether it must intervene to do so, or whether it could file its papers as *amicus curiae*.[2]

---

[1] Defendant Zurich American Insurance Company apparently does not oppose the motion, Letter from Rukesh Korde, Esq. to Hon. Laura Taylor Swain dated August 4, 2011, at 3, nor does it oppose AECL's request to file opposition papers to the motion, Letter from Daniel M. Krainin, Esq. to Hon. Laura Taylor Swain dated August 9, 2011, at 6.

[2] AECL originally sought to make a "special appearance" for the limited purpose of opposing the motion, which Lantheus opposed, but sought in the alternative leave to appear as *amicus curiae*. While the weight of authority suggests that a "special appearance" no longer is a viable means to appear in federal court, the Court does not reach the issue given its decision to afford AECL *amicus* status, as discussed below.

USDC SDNY
DATE SCANNED 9/7/11

By letter dated August 12, 2011, Lantheus advised the Court that it "is willing to have AECL's views considered in opposition" to the motion. Letter from Rukesh Korde, Esq. to Hon. Michael H. Dolinger dated August 12, 2011, at 1. Its principal concern is that AECL, as a non-party, will offer factual assertions in its opposition papers about a wide range of topics without providing Lantheus "basic discovery" to enable it "to test the[ir] validity." Id.

By letter dated August 30, 2011, counsel for AECL wrote "to notify the Court that it intends to file a motion for leave to appear as *amicus curiae* (together with a proposed *amicus* brief) by Monday, September 19, 2011, unless the Court directs otherwise." Letter from Daniel M. Krainin, Esq. to Hon. Michael H. Dolinger dated August 30, 2011, at 1.

By letter dated September 2, 2011, Lantheus expressed concern that AECL's contemplated motion duplicates the papers already before the Court, and on the schedule that AECL has proposed, will delay adjudication of Lantheus' motion, which it contends would otherwise have required AECL's opposition by September 6, 2011 under the Local Rules of this Court. Letter from Rukesh Korde, Esq. to Hon. James L. Cott, dated September 2, 2011, at 1.

Finally, by letter dated September 6, 2011, AECL takes issue with Lantheus' position regarding the time frame of AECL's submission of its opposition papers to the Court, and requests a pre-motion conference if it is helpful to the Court in connection with its proposed motion to appear as *amicus curiae*. Letter from Daniel M. Krainin, Esq. to Hon. James L. Cott dated September 6, 2011, at 2-3.

The Court grants AECL's application for leave to appear as *amicus curiae*, without prejudice to an application from Lantheus to challenge AECL's status as *amicus curiae* should AECL include in its opposition papers factual material that goes beyond the legal arguments it has proposed to make regarding whether AECL, which is owned by the Canadian federal

government, is immune from the issuance of letters rogatory under the Foreign Sovereign Immunities Act, or whether Canadian law is implicated by some of the information requested. Accordingly, AECL need not file a motion for leave to appear as *amicus curiae*, and the request for a pre-motion conference is denied as moot.

The Court reserves the right to disregard any factual material that has not been subject to discovery given AECL's status as a non-party and foreign governmental entity should it be offered in opposition to the motion, or alternatively, to give Lantheus permission to move to take limited discovery (and require AECL to move to intervene).

AECL must file its opposition papers to the motion for issuance of amended letters rogatory by September 16, 2011. Lantheus must file any reply papers by September 23, 2011.

**SO ORDERED.**

Dated: New York, New York
September 7, 2011

JAMES L. COTT
United States Magistrate Judge

Copies sent to counsel by ECF

3