UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------X
LANTHEUS MEDICAL IMAGING, INC.,         :
                                        :
                    Plaintiff,          :   No. 1:10-cv-09371 (LTS) (JLC)
                                        :
vs.                                     :   ECF CASE
                                        :
ZURICH AMERICAN INSURANCE COMPANY,      :
                                        :
                    Defendant.          :
---------------------------------------X

## DECLARATION OF IVAN G. WHITEHALL

Ivan G. Whitehall, Q.C. hereby declares as follows:

1. I am counsel to the Ottawa office of the law firm Heenan Blaikie LLP, the Canadian counsel for the *amicus curiae* Atomic Energy of Canada Limited ("**AECL**"), where I have practised since 2004. From 1971 to 2003, I was an officer of the Department of Justice of the Government of Canada, concluding my career as the Chief General Counsel, from 1989 to 2003. I am personally familiar with the information set out in my declaration, unless stated otherwise.

2. I received my J.D. from the University of British Columbia in 1967, and a postgraduate diploma in public law from the University of Alberta in 1981. I was called to the bar of British Columbia in 1968, the bar of Alberta in 1976, and the bar of Ontario in 1985, the latter of which I continue to be an active member. I was appointed Queen's Counsel in 1981.

3. I am informed by counsel that the Declaration of Brett Harrison, executed August 29, 2011 ("**Harrison Declaration**"), sets out certain elements of the Canadian regulatory regime applicable to nuclear information, and, among other things, appears to seek to rebut the information set out in the affidavit of Dr. Jean-Pierre Labrie, sworn July 15, 2011, in the

Canadian proceedings to enforce the previous letters rogatory.

4. Pursuant to the relevant statutory framework, AECL is a federal Crown corporation, its shares are held by the Minister of Natural Resources in trust for the Government of Canada, and it is accountable to the Government. For these purposes, the relevant statutory framework is principally set out in the *Nuclear Energy Act*, RSC 1985, c. A-16 (incorporating by reference certain portions of the *Atomic Energy Control Act*, RSC 1970, c. A-19) and the *Financial Administration Act*, RSC 1985, c. F-11. True copies of the first two enactments are attached to my declaration as Exhibits "**A**" and "**B**", respectively, while a true copy of relevant excerpts of the latter enactment is attached to my declaration as Exhibit "**C**".

5. Among other things, those statutes specify that AECL is deemed to be a Crown agent (that is, an agent of the Government of Canada) for all its purposes, and may only exercise its powers on behalf of the Crown: Exhibit "**A**", s. 11(2); Exhibit "**C**", ss. 83(1)("agent corporation") and 96.

6. Under Canadian law, the possession and use of nuclear information is governed by the *Nuclear Safety and Control Act*, SC 1997, c. 9 ("**NSCA**", attached as Exhibit 2 to the Harrison Declaration), the regulations thereunder, and the licences and related requirements administered by the Canadian Nuclear Safety Commission (the "**Commission**").

7. The Plaintiff's materials make reference to various Canadian enactments which impose restrictions on the export of nuclear information: see, *e.g.*, the *Nuclear Non-proliferation Import and Export Control Regulations*, SOR/2000-210 (Harrison Declaration, Exh. 1) and the NSCA, *supra*. In addition, the *General Nuclear Safety and Control Regulations*, SOR/2000-202, P.C. 2000-782 (the "**Nuclear Safety Regulations**"), made under the NSCA, impose strict conditions

on any transfer or disclosure of certain categories of nuclear information, including where such transfer or disclosure takes place within Canada. Attached to my declaration as Exhibit "**D**" is a true copy of the Nuclear Safety Regulations.

8.     As a Crown corporation, AECL is also a "government institution" within the meaning of the *Access to Information Act*, RSC 1985, c. A-1, a true copy of which is attached to my declaration as Exhibit "**E**". That Act establishes a right of any Canadian citizen or permanent resident to obtain access to any record under the control of a government institution, subject to the limitations set out in the legislation and the regulations.

I declare under penalty of perjury that the foregoing is true and correct.

Miami, Florida
Executed on September 15, 2011

Ivan G. Whitehall, Q.C.