USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/28/11

# COVINGTON & BURLING LLP

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

BEIJING
BRUSSELS
LONDON
NEW YORK
SAN DIEGO
SAN FRANCISCO
SILICON VALLEY
WASHINGTON

RUKESH KORDE
TEL 202.662.5619
FAX 202.778.5619
RKORDE@COV.COM

RECEIVED
NOV 21 2011
CHAMBERS OF
JAMES L. COTT
U.S.M.J.

November 21, 2011

**BY FACSIMILE**

The Honorable James L. Cott
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1360
New York, NY 10007

    Re:   *Lantheus Medical Imaging, Inc. v. Zurich American Insurance Co.*,
           No. 10 Civ. 9371 (JPO) (JLC)

Dear Judge Cott:

    This firm represents Lantheus Medical Imaging, Inc. ("Lantheus") in the above-referenced matter. I write to bring to the Court's attention new information that bears on Lantheus's pending Motion for Issuance of Amended Letters Rogatory (Doc. No. 35). The briefing on the motion was completed in September, and the motion is fully submitted for a decision by the Court.

    The pending motion seeks issuance of Amended Letters Rogatory to obtain information and documents from a Canadian crown corporation, Atomic Energy of Canada Limited ("AECL"). AECL has filed an *amicus curiae* memorandum opposing Lantheus's application. (Doc. No. 48.) AECL asserts, among other things, that the Amended Letters Rogatory are unnecessary because Lantheus will obtain the documents it requires through a pending request under Canada's Access to Information Act, the counterpart to the U.S. Freedom of Information Act. (*See* Doc. No. 48 at 15-17; *see also* Doc. No. 52 at 11-12.)

    New factual developments undercut AECL's argument here. As memorialized in the attached November 15, 2011 letter from Lantheus' Canadian counsel to Ghislain Ranger, the Office of the Information Commissioner of Canada has advised Lantheus that it "has deemed AECL to have refused to comply with Lantheus' [Access to Information Act] Request." The Office of the Information Commissioner "does not have the power to compel AECL to produce the relevant documents" (*id.*), leaving Lantheus without recourse unless the Amended Letters Rogatory issue.

    Lantheus respectfully requests that the Court direct the Clerk to make this submission and attachment part of the record on Lantheus' motion.

The Honorable James L. Cott
November 21, 2011
Page 2

Respectfully submitted,

*Rukesh A. K.*

Rukesh Korde

Attachment

cc:   All Counsel of Record (by electronic mail with enclosure)
      Daniel M. Krainin, Esq. (by electronic mail with enclosure)
      Don Jack, Esq. (by electronic mail with enclosure)
      Ahab Abdel-Aziz, Esq. (by electronic mail with enclosure)
      Bonnie Roberts Jones, Esq. (by electronic mail with enclosure)

# mcmillan

|  |  |
|---|---|
| Reply to the Attention of | Richard McCluskey |
| Direct Line | 416.865.7146 |
| Email Address | richard.mccluskey@mcmillan.ca |
| Our File No. | 202043 |
| Date | November 15, 2011 |

**FAX**

The Information Commissioner of Canada
Place de Ville, Tower B
112 Kent Street, 7th Floor
Ottawa, ON K1A 1H3

**Attention:** **Ghislain Ranger**

**Re:** *Access to Information Act* **Complaint**
**File #: 321100512**

Dear Mr. Ranger:

I write to confirm our discussion yesterday regarding the Access to Information Request submitted by Lantheus Medical Imaging, Inc. ("Lantheus") to Atomic Energy of Canada Limited ("AECL") on April 11, 2011 pursuant to the *Access to Information Act*, R.S.C., 1985, c. A-1 (the "ATI Request"). As you know, Lantheus submitted a complaint to the Information Commissioner of Canada because AECL has failed to comply with the ATI Request. One of the grounds of the complaint is that AECL has repeatedly extended its response deadline, most recently until February 2012.

You advised me that the Office of the Information Commissioner has deemed AECL to have refused to comply with Lantheus' ATI Request. Specifically, you advised that AECL's most recent extension of its deadline to February 2, 2012 is "invalid" because it was requested months after expiry of the thirty-day statutory window in which to request an extension.

I understand that you met today with AECL's Access to Information Director to discuss this matter, but as you mentioned the Office of the Information Commissioner does not have the power to compel AECL to produce the relevant documents.

We appreciate your attention to this matter. I look forward to hearing about the results of your meeting with AECL.

Yours truly,

*[signature]*

Richard McCluskey

Copy to: Brett Harrison, McMillan LLP

McMillan LLP | Brookfield Place, 181 Bay Street, Suite 4400, Toronto, Ontario, Canada M5J 2T3 | t 416.865.7000 | f 416.865.7048
Lawyers | Patent & Trade-mark Agents | Avocats | Agents de brevets et de marques de commerce
Vancouver | Calgary | Toronto | Ottawa | Montréal | Hong Kong | mcmillan.ca

MBDOCS_5724538.2