# COVINGTON & BURLING LLP

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

BEIJING
BRUSSELS
LONDON
NEW YORK
SAN DIEGO
SAN FRANCISCO
SILICON VALLEY
WASHINGTON

RUKESH KORDE
TEL 202.662.5619
FAX 202.778.5619
RKORDE@COV.COM

RECEIVED
DEC 01 2011
CHAMBERS OF
JAMES L. COTT
U.S.M.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED

1/10/12

December 1, 2011

**BY FACSIMILE**

The Honorable James L. Cott
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1360
New York, NY 10007

    Re: *Lantheus Medical Imaging, Inc. v. Zurich American Insurance Co.*,
         No. 10 Civ. 9371 (JPO) (JLC)

Dear Judge Cott:

    This firm represents plaintiff Lantheus Medical Imaging, Inc. ("Lantheus") in the above-referenced matter. I write to request that the Court strike from the record a November 29, 2011 letter from Atomic Energy of Canada Limited ("AECL") to the Court, entered into the record as Document No. 60. The letter pertains to Lantheus' Motion for Issuance of Amended Letters Rogatory (Doc. No. 35), which is fully briefed for a decision by the Court. AECL opposes Lantheus' request for Amended Letters Rogatory on the ground that Lantheus can obtain the relevant information through a request under Canada's Access to Information ("ATI") Act, the Canadian analog to the U.S. Freedom of Information Act. In response Lantheus argues that AECL has repeatedly failed to comply with the ATI Act.

    AECL's November 29, 2011 letter (and its attachment) violates this Court's Order of September 7, 2011. That Order permitted AECL to appear in this proceeding as an *amicus curiae* in order to submit an opposition to Lantheus' Motion for Issuance of Amended Letters Rogatory. *See* Doc. No. 42 at 2-3. The Court, however, reserved the right to "disregard any factual material that has not been subject to discovery ... or alternatively, to give Lantheus permission to move to take limited discovery (and require AECL to move to intervene)." *Id.* at 3.

    In particular, AECL's November 29 letter contains "factual material that has not been subject to discovery." Lantheus has had no discovery as to AECL's factual assertions about AECL's discussions with and representations to the Canadian Information Commissioner. Lantheus has had no discovery about the steps AECL purports to be taking to respond to Lantheus' ATI Request since those discussions. Lantheus has not had the opportunity to depose

The Honorable James L. Cott
December 1, 2011
Page 2

a knowledgeable witness about AECL's alleged need for cumulative extensions of more than nine months in order to respond to Lantheus' ATI Request. Nor has Lantheus had the opportunity to depose the sponsor of these purported facts, AECL's Access to Information and Privacy Director, Mr. Jean Boulais. *See* Doc. No. 60 at 3 (Letter from Mr. Boulais). For that reason, the Court should, as contemplated by the September 7, 2011 Order, "disregard" these factual materials and order them stricken from the record. In the alternative, AECL should be required to produce Mr. Boulais forthwith for a deposition in New York to be conducted under the Federal Rules of Civil Procedure. *See* Sept. 7, 2011 Order at 3.

Lantheus respectfully requests that the Court direct the Clerk to make this letter part of the docket in this case.

Respectfully submitted,

Rukesh Korde

cc: All Counsel of Record (by electronic mail)
Daniel M. Krainin, Esq. (by electronic mail)
Don Jack, Esq. (by electronic mail)
Ahab Abdel-Aziz, Esq. (by electronic mail)
Bonnie Roberts Jones, Esq. (by electronic mail)