UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LANTHEUS MEDICAL IMAGING, INC.  :
                                :
        Plaintiff,     :       ORDER
                                :
   -v.-                         :       10 Civ. 9371 (JPO) (JLC)
                                :
ZURICH AMERICAN INSURANCE CO.,  :
                                :
        Defendant.     :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

    As discussed during the telephone conference today, the Court resolves the discovery disputes presented by the parties as follows:

    As to the documents from Babcock & Wilcox Ebensburg Power, Inc., *et al.* v. Zurich American Insurance Co., *et al.* ("the Babcock litigation"), Lantheus will be given access to (1) the identified motion papers, and (2) the deposition transcripts of Zurich's claim representative and Zurich's Regional Vice President and Underwriter for Zurich North America. Access will be provided at the Pittsburgh office of the law firm which represented Zurich in the Babcock litigation. After reviewing the documents, Lantheus will designate the materials that it wishes to copy and will bear the cost of any copies it chooses to make. Lantheus will also bear the cost of sending its representative to Pittsburgh. Zurich will bear any costs associated with locating and retrieving the identified motion papers and deposition transcripts.

    As to the confidentiality concerns expressed by counsel for Zurich, the Court notes that there is nothing to prevent the disclosure of the aforementioned Babcock documents to Lantheus. These documents were not covered by the Protective Order in Babcock, which has been provided to, and reviewed by, this Court. (See Letter from Zurich American Insurance Company to the

USDC SDNY
DATE SCANNED 12/14/12

Court dated December 3, 2012, Exhibit D (Babcock Protective Order)). To the extent that the documents were covered by the separate Confidentiality Agreement in Babcock (id., Exhibit E (Babcock Confidentiality Agreement)) – which was not court-ordered – this Court's directive to make the documents available to Lantheus overrides any private agreement between the parties. Moreover, as to the motion papers, they are judicial documents to which a presumption of public access applies. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). In any event, any documents disclosed to Lantheus pursuant to this Order will be covered by the Protective Order in this case (Dkt. No. 28).

As to the insurance policies requested by Lantheus, Zurich is directed to produce the 13 outstanding policies. However, as I advised the parties during the conference, the Court will not be receptive to any additional requests by Lantheus to pursue any other alleged deficiencies in Zurich's document production as it relates to fact discovery (other than potential AECL-related discovery), which is now closed.

Finally, the status conference scheduled for February 1, 2013 is adjourned *sine die*. Once it becomes available, Counsel will send the Court a copy of the transcript of the February 4, 2013 argument before the Ontario Court of Appeals. Counsel will further advise the Court once the Ontario Court of Appeals has issued a decision, and the Court will schedule a conference thereafter.

**SO ORDERED.**

Dated: December 14, 2012
New York, New York

JAMES L. COTT
United States Magistrate Judge