# COVINGTON & BURLING LLP

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

BEIJING
BRUSSELS
LONDON
NEW YORK
SAN DIEGO
SAN FRANCISCO
SILICON VALLEY
WASHINGTON

December 2, 2013

BY ECF AND EMAIL

The Honorable Katherine P. Failla
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

BY ECF

The Honorable James L. Cott
United States Courthouse
500 Pearl Street
Room 1360
New York, NY 10007

Re:   *Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.,*
      *Case No. 10 Civ. 9371 (KPF)(JLC)*

Dear Judges Failla and Cott:

I write on behalf of Plaintiff Lantheus Medical Imaging, Inc. and pursuant to the July 9, 2013 order to submit a joint status report by December 1, 2013.[1]  Counsel for Defendant Zurich American Insurance Company has reviewed this status report and joins in both the substance and relief sought; they are copied on this letter.

Lantheus and Zurich had hoped to conclude any remaining discovery, principally discovery taking place in Canada, by December 1, 2013.  That foreign discovery concerns evidence "vital" to the case.  *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F.Supp.2d 769, 793 (S.D.N.Y. 2012) (Cott, M.J.).  Because of delays in Canada, however, the parties were unable to complete that discovery as planned.  Due to uncertainty as to whether the foreign discovery process will require the intervention of the Canadian courts, the parties jointly request that the Court permit the filing of a supplemental joint status report on January 20, 2014 so that the parties may then advise the Court of the further progress of the Canadian proceedings and, if possible, set a revised schedule.

In this case, Lantheus "seeks declaratory relief and money damages arising from

---

[1] Because December 1 fell on a Sunday, the parties are submitting this report today, December 2, 2013.

COVINGTON & BURLING LLP

The Honorable Katherine P. Failla
The Honorable James L. Cott
Page 2

[Zurich's] alleged breach of its contractual obligation to indemnify Lantheus for financial loss arising from the extended shutdown of a Canadian nuclear reactor." *Id.* at 772-773.  The Reactor "supplied a raw material used by Lantheus in manufacturing radiopharmaceutical products." *Id.* A central question is whether "the … business interruption losses Lantheus sustained as a result of the shutdown of the nuclear reactor … in Ontario, Canada … -- and for which it seeks coverage from Zurich -- were caused by either 'covered' or 'excluded' perils." *Id.* at 773. Resolving that dispute requires information from the Canadian crown corporation that owns the Reactor, Atomic Energy of Canada Limited ("AECL").  This Court issued amended letters rogatory[2] in January 2012, and Lantheus applied to the Ontario Superior Court for enforcement. Due to docket congestion, the Superior Court did not resolve the application for five months, ruling against enforcement on June 19, 2012.  Lantheus appealed.  Ten months later, the Court of Appeal for Ontario, on April 29, 2013, reversed the Superior Court.  Two months later, on July 19, the Court of Appeal approved the form of order enforcing the amended letters rogatory.

On July 9, 2013, Magistrate Judge Cott conducted a telephonic status conference.  During the status conference, the hope was expressed that any remaining discovery (and a private mediation) could be completed by December 1, 2013, although the possibility for additional delays in the Canadian proceedings was noted.  By the time of that status conference, the parties had already completed numerous depositions of Lantheus' witnesses and expert discovery on damages issues, and AECL had produced, in June 2013, about 3,400 pages of documents.

A number of factors beyond the parties' control, however, combined to prevent the completion of the remaining discovery by December 1, 2013.  First, AECL's original corporate designee, believed to be the person most knowledgeable about the operational events that transpired during the shutdown of the NRU Reactor, suffered an incapacitating illness.  His

---

[2] Judge Swain issued an initial set of letters rogatory in May 2011.  The Ontario Court dismissed the initial letters rogatory without prejudice, asking this Court whether the *Foreign Sovereign Immunities Act* (the "FSIA") shielded crown corporations, such as AECL, from letters rogatory.  *Lantheus*, 841 F.Supp.2d at 773.  This Court, per Magistrate Judge Cott, held the FSIA did not prevent the issuance of amended letters rogatory to AECL.  *Id.* at 772.

COVINGTON & BURLING LLP

The Honorable Katherine P. Failla
The Honorable James L. Cott
Page 3

deposition, initially scheduled for July 2013, was delayed in the hope that he would recover to testify.  He remained on medical leave, and the deposition was delayed until September 5, 2013 to permit AECL to designate and prepare a substitute witness.  AECL's substitute corporate designee, however, did not know the answers to a number of deposition questions.  Under Canadian procedure, when a corporate designee cannot answer a question, the questioning party may ask the corporation to "undertake" to provide the information by making inquiries of its employees.  Canadian procedure provides AECL with 60 days to respond to "undertakings."  AECL recently advised it cannot meet the 60-day deadline because it needed to divert personnel with responsive information to operational problems at the Reactor.  Thus, the "undertakings" process is ongoing, and, as noted at the July 2013 status conference, may require judicial intervention.

The second factor that has delayed completing discovery has been problems in obtaining complete documentary disclosure from AECL.  In the past, AECL resisted, for example, production of its documents in native format.  Receipt of the information in native format is important because it concerns scientific and engineering data.  One spreadsheet could not be analyzed, for example, because it contained more than 900 pages of numerical data in an 8-point font.  In addition, although AECL has provided a number of charts and graphs, it has not yet produced the underlying numerical data needed to analyze that information.  During the deposition, AECL agreed to provide these materials in native format.  It did not do so until early November 2013 citing the volume of materials involved and the need to divert personnel discussed above.  The materials were provided to Lantheus' American counsel on November 12, 2013, after Canadian officials approved their export.  *See Canadian Nuclear Safety and Control Act*, § 48.  Although AECL has now produced 22,000 native files, most are photographs or images.  It has not yet complied with its agreement to produce the numerical data in native format or fully complied with the amended letters rogatory, and so the need for judicial intervention remains unclear.

The third factor that has delayed completion of discovery is a disagreement between Lantheus and AECL about the scope of the amended letters rogatory.  During the deposition,

COVINGTON & BURLING LLP

The Honorable Katherine P. Failla
The Honorable James L. Cott
Page 4

AECL asserted that it was only required to answer questions about the documents it had
produced; Lantheus asserted that AECL was required to answer questions about the matters at
issue in the litigation, *i.e.*, any cause or causes of the Reactor shutdown.  Because the witness
was not prepared to answer those questions, the parties agreed that Lantheus would submit
written questions to AECL, and that AECL would answer those questions or indicate that it was
standing on its objections.  Responses to the written questions are expected at the same time that
AECL responds to Lantheus' requests for undertakings, and are subject to similar concerns.

Lantheus hopes to resolve any nascent discovery disputes consensually, but if that cannot
be done, Lantheus and AECL have agreed to appear before the Superior Court.  Due to docket
congestion the first likely available date is in early February 2014.[3]  The schedule in Canada
remains uncertain pending the resolution of these three discovery issues.  Lantheus and Zurich
have conferred about scheduling issues and propose to submit a supplemental joint status report
by January 20, 2014.  The parties hope that by that time there will be greater certainty about
whether Lantheus will need to seek judicial intervention or whether discovery can be concluded
within a shorter time frame.

Courts grant discovery extensions where litigants have diligently pursued discovery but
problems obtaining documents abroad have frustrated the schedule.  *See, e.g., Al-Misehal
Commercial Co. v. The Armored Group, LLC*, No. 2:10-cv-01303 (JWS), 2011 WL 2147599, at
* 2 (D. Ariz. Jun. 1, 2011) (extending schedule to permit execution of "a letter rogatory to
depose a foreign crown prince who may have relevant information" based on delays in foreign
court); *Titan Industrial Corp. v. Fed. Ins. Co.*, No. 94 CIV 726, 1995 WL 438843, at *1
(S.D.N.Y. Jul. 25, 1995) (noting that "[b]ecause the process of scheduling and conducting these
foreign depositions encountered repeated significant delays, the deadline to complete both fact
and expert discovery was extended a number of times"); *Lasky v. Continental Prods. Corp.*, 38

---

[3]  At the July 9 status conference Lantheus stated that it could appear before the Superior Court this year; while
dates earlier than February 2014 were available, Lantheus could not use them because of, *inter alia*, the delays
related to the illness of AECL's designated witness.

COVINGTON & BURLING LLP

The Honorable Katherine P. Failla
The Honorable James L. Cott
Page 5

Fed. R. Serv. 2d 1032 (E.D. Pa. 1984) (noting that delays in case were "attributable to the legal and logistical difficulties of obtaining discovery from foreign entities").

Lantheus has diligently and doggedly pursued discovery from AECL.  Before this lawsuit was filed, and as early as May 2010, Lantheus contacted AECL seeking voluntary production of the information at issue.  *Lantheus*, 841 F.Supp.2d at 772.  Lantheus also sought the information through Canada's *Access to Information Act* (its analog of the *Freedom of Information Act*).  When those efforts were unsuccessful, Lantheus obtained an initial set of letters rogatory.  *Id.* AECL successfully opposed the enforcement of the initial letters rogatory in the Ontario courts, which asked this Court to clarify certain jurisdictional questions.  *Id.*  Lantheus then obtained amended letters rogatory from this Court.  It did so over the opposition of AECL, which raised novel legal issues that required substantial briefing.  *See id.* at 780.  When the Ontario Superior Court refused to enforce the amended letters rogatory, Lantheus prosecuted an appeal, which again required substantial time and briefing.  Those efforts have now begun to yield results, with AECL producing more than 22,000 documents in early November, and AECL indicating that it would provide additional information.

The schedule should be extended to accommodate production of the remaining information and to resolve the remaining discovery disputes between Lantheus and AECL, if any, that cannot be resolved consensually.[4]  This Court's order of October 10, 2012 (Dkt. No. 78) ties the deadlines in the case to the resolution of discovery in Canada for the precise reasons articulated above.  While the July 9, 2013 order "anticipate[d]" that discovery and mediation would be completed by December 1, 2013, that expectation was based upon the information available at the time.  Here, the parties have agreed to the relief sought, and this Court has held that "the information Lantheus seek is vital."  *Lantheus*, 841 F.Supp.2d at 793.  As a matter of fairness to Lantheus and comity to the Canadian proceedings, the schedule should be extended.

---

[4] Recognizing the importance of obtaining the Canadian discovery, the schedule has been amended on five occasions by way of orders of September 16, 2011 (Dkt. No. 47), October 28, 2011 (Dkt. No. 56), February 10, 2012 (Dkt. No. 68), June 18, 2012 (Dkt. No. 73), and October 10, 2012 (Dkt. No. 78).

COVINGTON & BURLING LLP

The Honorable Katherine P. Failla
The Honorable James L. Cott
Page 6

Respectfully submitted,

Rukesh A. Korde

cc:    Phil Silverberg, Esq. (counsel for Defendant Zurich American Ins. Co.)
       William Wilson, Esq. (counsel for Defendant Zurich American Ins. Co.)