**MEMO ENDORSED**

# COVINGTON & BURLING LLP

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

BEIJING
BRUSSELS
LONDON
NEW YORK
SAN DIEGO
SAN FRANCISCO
SILICON VALLEY
WASHINGTON

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/21/2014

January 20, 2014

BY ECF AND EMAIL

The Honorable Katherine P. Failla
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

The Honorable James L. Cott
United States Courthouse
500 Pearl Stret
Room 1360
New York, NY 10007

Re:   Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.
       Case No. 10 Civ. 9371 (KPF)(JLC)

Dear Judges Failla and Cott:

I write on behalf of Plaintiff Lantheus Medical Imaging, Inc. and pursuant to Judge Cott's December 3, 2013 order (Dkt. No. 86) to file a supplemental status report. A copy of the parties' December 2, 2013 status report (Dkt. No. 85) ("the December 2 Status Report"), which this letter supplements, is enclosed for the Court's convenience. Counsel for Defendant Zurich American Insurance Company has reviewed this letter and advises that although Zurich does not take a position on Lantheus's request to extend the discovery deadline, it does intend to request a pre-motion conference seeking permission to file a motion for summary judgment. Counsel for Zurich is copied on this letter.

As explained in the December 2 Status Report, delays in obtaining foreign, *i.e.*, Canadian, discovery prevented the parties from concluding discovery and mediating the case by December of 2013 as hoped. That foreign discovery concerns evidence "vital" to this case. *Lantheus Med. Imaging, Inc. v. Zurich. Am. Ins. Co.*, 841 F.Supp.2d 769, 793 (S.D.N.Y. 2012) (Cott, M.J.). Namely, the parties seek documents and information about the causes of the shutdown of a Canadian nuclear reactor, an issue central to the case. As of December 2013, it was unclear whether the subject of that discovery, Atomic Energy of Canada, Limited ("AECL")

DC: 5146373-2

C OVINGTON & B URLING LLP

The Honorable Katherine P. Failla
The Honorable James L. Cott
January 20, 2014
Page 2

would voluntarily produce documents and information responsive to this Court's Letters Rogatory or whether further (Canadian) judicial intervention would be necessary. As noted in the December 2 Status Report, the Court of Appeal for Ontario has ordered AECL to produce the materials at issue. But AECL has failed to do so despite repeated assurances that production would be forthcoming. It has become clear that Lantheus will have no choice but to ask the Ontario Superior Court to compel AECL to produce the remaining documents and information responsive to the Letters Rogatory.

Lantheus has served its motion materials on AECL, and the Ontario Superior Court has scheduled a hearing for February 3, 2014. Lantheus respectfully asks that the Court set a July 15, 2014 deadline for the parties to file a status report to the Court, addressing the issues outlined in the Court's order of July 9, 2013 (Dkt. No. 83), and proposing a revised scheduled as to the anticipated mediation and any potential dispositive motions. The proposed deadline assumes:

- Six weeks for the Ontario Court to rule on the motion;
- Eight weeks for the completion of AECL's production of documents and information as well as any remaining fact discovery; and
- Four weeks each for plaintiff's and defendant's remaining expert discovery.[1]

Courts grant discovery extensions where litigants have diligently pursued discovery but problems obtaining documents abroad have frustrated the schedule. *See, e.g., Al-Misehal Commercial Co. v. The Armored Group, LLC*, No. 2:10-cv-01303 (JWS), 2011 WL 2147599, at * 2 (D. Ariz. Jun. 1, 2011) (extending schedule to permit execution of "a letter rogatory to depose a foreign crown prince who may have relevant information" based on delays in foreign court); *Titan Industrial Corp. v. Fed. Ins. Co.*, No. 94 CIV 726, 1995 WL 438843, at *1 (S.D.N.Y. Jul. 25, 1995) (noting that "[b]ecause the process of scheduling and conducting these

---

[1] As in the past, it may be necessary to adjust the schedule in the event that the Ontario Superior Court does not rule in a timely fashion or other delays in the Canadian proceedings supervene.

COVINGTON & BURLING LLP

The Honorable Katherine P. Failla
The Honorable James L. Cott
January 20, 2014
Page 3

foreign depositions encountered repeated significant delays, the deadline to complete both fact and expert discovery was extended a number of times"); *Lasky v. Continental Prods. Corp.*, 38 Fed. R. Serv. 2d 1032 (E.D. Pa. 1984) (noting that delays in case were "attributable to the legal and logistical difficulties of obtaining discovery from foreign entities").

Lantheus has diligently and doggedly pursued discovery from AECL. The December 2 Status Report outlines the steps Lantheus has taken to obtain the information sought from AECL, and the delays imposed by AECL's recalcitrance or associated with the Canadian judicial system, both of which are beyond the parties' control. The schedule should be extended to accommodate the Canadian judicial process and the production of the remaining information.[2] This Court's order of October 10, 2012 (Dkt. No. 78) ties the deadlines in the case to the resolution of discovery in Canada for the precise reasons articulated above and in the December 2 Status Report. Moreover, the parties have agreed to the relief sought, and this Court has held that "the information Lantheus seeks is vital." *Lantheus*, 841 F.Supp.2d at 793. As a matter of fairness to Lantheus and comity to the Canadian proceedings, the schedule should be extended.

Counsel for Zurich has asked me to note that Zurich would like to file a motion for summary judgment shortly with the understanding that briefing would not likely be completed for at least 60 days, and that Zurich intends to submit to the Court a letter requesting a pre-motion conference following the February 3, 2014 hearing in Canada concerning the AECL discovery.

---

[2] Recognizing the importance of obtaining the Canadian discovery, the schedule has been amended on six occasions by way of orders of September 16, 2011 (Dkt. No. 47), October 28, 2011 (Dkt. No. 56), February 10, 2012 (Dkt. No. 68), June 18, 2012 (Dkt. No. 73), October 10, 2012 (Dkt. No. 78), and December 3, 2013 (Dkt. No. 86).

COVINGTON & BURLING LLP

The Honorable Katherine P. Failla
The Honorable James L. Cott
January 20, 2014
Page 4

                                                                                           Respectfully submitted,

                                                                                           Rukesh A. Korde

Encl.

cc:    Philip C. Silverberg, Esq.
        William Wilson, Esq.

```
It is hereby ORDERED that the parties shall appear for a conference on
February 7, 2014, at 2:00 p.m., to discuss the matters raised herein.
The conference will be held in Courtroom 618 of the Thurgood Marshall
Courthouse, 40 Foley Square, New York, New York.


Dated: January 21, 2014            SO ORDERED.
       New York, New York


                                   HON. KATHERINE POLK FAILLA
                                   UNITED STATES DISTRICT JUDGE
```