# COVINGTON & BURLING LLP

BEIJING   BRUSSELS   LONDON   NEW YORK
SAN DIEGO   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

RUKESH A. KORDE

1201 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20004-2401
T 202.662.5619
rkorde@cov.com

March 7, 2014

**BY ECF AND EMAIL**

The Honorable Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, N.Y. 10007

      Re:    *Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.*
              Case No. 10 Civ. 9371 (KPF) (JLC)

Dear Judge Failla:

      Covington & Burling LLP represents plaintiff Lantheus Medical Imaging, Inc. in the above captioned matter.  I write pursuant to this Court's Order of February 7, 2014 to advise the Court of the completeness of AECL's production of February 28, 2014.  As explained below, while AECL has produced some additional documents and information, it has not fully complied with the Canadian court orders requiring production of documents and information related to the breakdown of the NRU Reactor.  Lantheus respectfully requests that the Court adjourn the pending deadlines by 21 days to permit Lantheus to obtain AECL's voluntary cooperation or to bring a motion to compel full compliance.  There are three important reasons for the extension.

      First, as the Court knows, Lantheus is seeking information from AECL to resolve questions about the causes of the May 2009 shutdown of the NRU Reactor.  Lantheus learned from AECL's January 22, 2014 production that, at the time of the breakdown, a battery back-up system intended to power one of the Reactor's cooling pumps during a power failure had been inadvertently disconnected.  As a result, when a lightning strike caused a "power bump" at the facility on May 14, 2009, the back-up cooling system was partially unavailable.  It appears that within minutes, AECL added 2,000-3,000 kg of heavy water coolant to the Reactor vessel.  The limited information AECL has provided indicates

COVINGTON & BURLING LLP

The Honorable Katherine Polk Failla
March 7, 2014
Page 2

that in the minute prior to the NRU Reactor's shutdown, it was beginning to experience an increase in internal pressure. Lantheus is seeking to determine whether these events compromised the integrity of the NRU Reactor vessel. To resolve those issues, Lantheus, in its follow-up questions, asked AECL for information about the specific mechanical characteristics of the cooling system.

AECL has refused to provide some of that information. As the Court knows, following receipt of AECL's long-delayed January 22, 2014 production, which Lantheus viewed as deficient, Lantheus brought a motion, in Ontario Superior Court, to compel AECL's full compliance with this Court's Letters Rogatory. AECL conceded the deficiencies in its production and agreed, on February 3, 2014, to the entry of a consent order requiring it to cure the deficiencies. The consent order also required AECL to answer questions arising out of materials provided on January 22, 2014. Questions about the specific mechanics of the NRU Reactor's cooling system arise directly from (a) the limited prior information AECL had previously provided about the cooling system, and (b) AECL's recent disclosure that, at the time of the shutdown, part of the cooling system was inoperable. Given the vagueness of many of AECL's answers, it will likely be necessary to re-examine AECL. Relatedly, Lantheus has been seeking -- since August 2013 -- a safety analysis report which is believed to provide much of the information Lantheus continues to seek. AECL has refused to provide the relevant documents, again contending that they are beyond the scope of the consent order. A brief 21-day extension would provide Lantheus an opportunity to resolve this issue regarding the scope of the February 3 consent order consensually or to file a motion to compel AECL's compliance.

The second reason for the extension is the fact that AECL disclosed -- for the first time -- on February 28, 2014 that important "data was not retained following the two year retention period." That data may include information about the pressure in the NRU Reactor vessel at the time of the breakdown. It appears that AECL discarded these materials when, at the very least, AECL was aware that Lantheus was seeking the information and intended to use formal process to obtain the documents if they were not

COVINGTON & BURLING LLP

The Honorable Katherine Polk Failla
March 7, 2014
Page 3

voluntarily provided.  In addition, there was also, at the time, a pending *Access to Information Act* request for that information.[1]  A 21-day extension would provide Lantheus with time to determine whether any of the data at issue still remains, and to determine the facts and circumstances surrounding the decision to discard the data.  Resolving those issues are important.  These issues go directly to AECL's credibility, and the credibility of AECL reports that defendant Zurich American Insurance Company may rely on in briefing a dispositive motion.

The third reason for the extension is that AECL has not yet produced native, electronic versions of various documents containing numerical information.  The documents are voluminous (one is more than 700 pages in length).  AECL, on February 28, 2014, advised that it had been unable to locate native, electronic versions of the documents but that it was making inquiries of the authors.  As a result, Lantheus' request for native, electronic versions of these documents remains pending.

Lantheus has advised AECL of the deficiencies in its February 28, 2014 production, and that it will seek to compel AECL to produce the remaining information.  Lantheus, however, remains committed to resolving the remaining discovery issues with AECL consensually if possible.

Courts grant discovery extensions where litigants have diligently pursued discovery but problems obtaining documents abroad have frustrated the schedule.  *See, e.g., Al-Misehal Commercial Co. v. The Armored Grp., LLC*, No. 2:10-cv-01303 (JWS), 2011 WL 2147599, at * 2 (D. Ariz. Jun. 1, 2011) (extending schedule to permit execution of "a letter rogatory to depose a foreign crown prince who may have relevant information" based on delays in foreign court); *Titan Indus. Corp. v. Fed. Ins. Co.*, No. 94 CIV 726, 1995 WL 438843, at *1 (S.D.N.Y. Jul. 25, 1995) (noting that "[b]ecause the process of scheduling and conducting these foreign depositions encountered repeated significant delays, the deadline to complete both fact and expert discovery was extended a number of times"); *Lasky v.*

---

[1] The *Access to Information Act*, R.S.C., 1985, c. A-1, is Canada's analog to our *Freedom of Information Act*, 5 U.S.C § 552.

COVINGTON & BURLING LLP

The Honorable Katherine Polk Failla
March 7, 2014
Page 4

*Continental Prods. Corp.*, 38 Fed. R. Serv. 2d 1032 (E.D. Pa. 1984) (noting that delays in case were "attributable to the legal and logistical difficulties of obtaining discovery from foreign entities").

Lantheus has diligently and doggedly pursued discovery from AECL. Before this lawsuit was filed, and as early as May 2010, Lantheus contacted AECL seeking voluntary production of the information at issue. *Lantheus*, 841 F.Supp.2d at 772. Lantheus also sought the information through Canada's *Access to Information Act*. When those efforts were unsuccessful, Lantheus obtained an initial set of Letters Rogatory. *Id.* AECL successfully opposed the enforcement of the initial Letters Rogatory in the Ontario courts, which asked this Court to clarify certain jurisdictional questions. *Id.* Lantheus then obtained amended Letters Rogatory from this Court. It did so over the opposition of AECL, which raised novel legal issues that required substantial briefing. *See id.* at 780. When the Ontario Superior Court refused to enforce the amended Letters Rogatory, Lantheus prosecuted an appeal, which again required substantial time and briefing. When AECL's witness could not, during his examination, answer numerous questions, Lantheus sought to obtain that information by written questions. When AECL's answers to those written questions were deficient, Lantheus brought a motion to compel. Recognizing the deficiency of its answers, AECL agreed to a consent order requiring it to provide further information. Lantheus' efforts are yielding the information sought, but as of now, AECL's production remains incomplete.[2]

As the information sought is important to resolving the issues at the crux of this case, namely the cause(s) of the shutdown of the NRU Reactor, Lantheus asks that the Court adjourn the dates set forth in its February 7, 2014 order by 21 days to allow Lantheus an opportunity to resolve the remaining discovery issues with AECL voluntarily or to file a motion to compel. Lantheus suggests that on or before March 28, 2014, it would submit a

---

[2] Recognizing the importance of obtaining the Canadian discovery, the schedule has been amended on five occasions by way of orders of September 16, 2011 (Dkt. No. 47), October 28, 2011 (Dkt. No. 56), February 10, 2012 (Dkt. No. 68), June 18, 2012 (Dkt. No. 73), October 10, 2012 (Dkt. No. 78); and February 7, 2014 (Dkt. No. 89).

COVINGTON & BURLING LLP

The Honorable Katherine Polk Failla
March 7, 2014
Page 5

further status letter regarding the completeness of AECL's answers to Lantheus' questions and production of responsive documents; and advising the Court whether further Canadian motions practice was necessary.

                                                      Respectfully submitted,

                                                      Rukesh A. Korde

cc:    Phil Silverberg, Esq.
       William Wilson, Esq.